Enrique Cahero **RODRIGUEZ**, Appellant,

v.

Darrell **HARGROVE**, Individually and Southwest Livestock and Trucking Company, Inc., Appellees.

No. 04–82–00626–CV.

Court of Appeals of Texas, San Antonio.

July 11, 1984.

Humberto G. Garcia, Del Rio, for appellant.

J. Ken Nunley, Dodson, Nunley & Taylor, Hondo, Tully Shahan, Brackettville, for appellees.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

### OPINION

CADENA, Chief Justice.

Plaintiff, Enrique Cahero Rodriguez, filed this suit to recover damages from C. Darrel Hargrove and his principal, Southwest Livestock and Trucking Co., Inc., for defamation. On this appeal plaintiff contends that the trial court erred in withdrawing the case from the jury and entering judgment that plaintiff take nothing. We reverse and remand.

■ The trial court's action was based on the theory that the defamatory statements made by Hargrove were made in the course of a quasi-judicial hearing and were, therefore, absolutely privileged. In order to justify the granting of the instructed verdict, the evidence must establish the existence of the privilege as a matter of law. *See Reagan v. Guardian Life Insurance Co.,* 140 Tex. 105, 166 S.W.2d 909 (1942).

■ Plaintiff was employed by the Department of Agriculture and Hydraulic Resources of the Republic of Mexico. Hargrove appeared before a panel representing the Mexican Secretary of Agriculture and Hydraulic Resources in Ciudad Acuna, Mexico, and orally accused plaintiff of taking a bribe. Hargrove subsequently repeated the accusation in an affidavit executed by him in Del Rio, Texas, while being interviewed by representatives of the Mexican government in that city.

We find no evidence which conclusively establishes, or even supports the conclusion, that Hargrove's statement was absolutely privileged under the rule granting immunity for statements made during quasi-judicial hearings.

According to *Parker v. Holbrook,* 647 S.W.2d 692 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.), a quasi-judicial body possesses certain judicial powers, including the following:

1. The power to exercise judgment and discretion.

2. The power to conduct hearings, ascertain facts and render decisions.

3. The power to make binding orders and judgments.

4. The power to affect personal or property rights of private persons.

5. The power to compel the attendance of, and examine, witnesses.

6. The power to enforce its decisions and impose penalties.

7. The power to protect against defamation, including the power to punish a person who commits perjury.

There is no evidence concerning the powers of the persons before whom Hargrove appeared in Ciudad Acuna, Mexico, and made the defamatory statement. In any event, there is no evidence concerning the power of the persons to whom Hargrove gave the defamatory affidavit in Del Rio, Texas.

Since there is no evidence that the persons to whom Hargrove made the oral statement in Laredo, or the persons to whom he gave the affidavit in Del Rio possessed any of the characteristics of a quasi-judicial body, the instructed verdict constitutes reversible error.

The judgment of the trial court is reversed and the cause is remanded for new trial.